IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA,**

    v.                                                          Criminal Case No. 3:23cr134

**MATTHEW CHAMBLISS COLEMAN,**

    **Defendant.**

## **MEMORANDUM OPINION**

This matter comes before the Court on Defendant Matthew Chambliss Coleman's Motion to Dismiss the Indictment (the "Motion"). (ECF No. 19.) In the Motion, Mr. Coleman contends that his indictment under 18 U.S.C. § 922(g)(1)[1] is unconstitutional both facially and as applied to him because it "violates [his] Second Amendment right to keep and bear arms." (ECF No. 19, at 1, 6–17.)

Mr. Coleman asks the Court to dismiss the indictment against him for possession of a gun and ammunition as a felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 19, at 2.) For the reasons that follow, the Court will deny the Motion. (ECF No. 19.)

---

[1] Section 922(g)(1) provides:

(g) It shall be unlawful for any person—

    (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

        \*      \*      \*

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

## I.  Factual and Procedural Background

### A.  Factual Background

"On October 27, 2022, Chesterfield County police officers were surveilling a neighborhood where Mr. Coleman was in a car."  (ECF No. 19, at 2.)  As the officers approached Mr. Coleman, "he took off running and allegedly dropped a gun during his run."  (ECF No. 19, at 2.)  Prior to this incident, Mr. Coleman had been convicted of a crime punishable by imprisonment for a term exceeding one year and was prohibited by law from possessing a firearm.  (ECF No. 3, at 1; *see also* ECF No. 19, at 2.)

### B.  Procedural Background

On October 17, 2023, a grand jury returned an indictment against Mr. Coleman for possessing a gun and ammunition as a felon in violation of 18 U.S.C. § 922(g)(1).  (ECF No. 3, at 1.)  On April 22, 2024, Mr. Coleman appeared before this Court and pled not guilty.  (ECF No. 15, at 1.)  Mr. Coleman is awaiting trial in this matter.  On May 6, 2024, Mr. Coleman filed the Motion to Dismiss the Indictment.  (ECF No. 19.)

## II.  Standard of Review

### A.  Motion to Dismiss Indictment Under Fed. R. Crim. P. 12

Federal Rule of Criminal Procedure 12[2] allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."  Fed. R. Crim. P. 12(b)(1).  Mr. Coleman raises facial and as-applied challenges to the constitutionality of

---

[2] Rule 12(b)(1) states:

(b) PRETRIAL MOTIONS.

> (1) *In General*.  A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits.  Rule 47 applies to a pretrial motion.

2

§ 922(g)(1), arguing that it violates the Second Amendment. (ECF No. 19, at 1, 6, 17.) "Fed. R. Crim. P. 12(b)(3)(B)[3] permits a court to dismiss a defective indictment. An indictment is defective if it alleges a violation of an unconstitutional statute." *United States v. Brown*, 715 F. Supp. 2d 688, 689 (E.D. Va. 2010) (citing *In re Civil Rights Cases*, 109 U.S. 3, 8–9 (1883)); *see also United States v. Riley*, 635 F. Supp. 3d 411, 416 (E.D. Va. 2022); *United States v. Lane*, No. 3:23-CR-62 (RCY), --- F. Supp. 3d ---, 2023 WL 5663084, at *7 (E.D. Va. Aug. 31, 2023); *United States v. Kearney*, No. 4:23-CR-29 (JKW), 2023 WL 3940106, at *1 (E.D. Va. June 9, 2023) (citing *Riley*, 635 F. Supp. 3d at 416).

---

Fed. R. Crim. P. 12(b)(1).

[3] Rule 12(b)(3)(B) states:

> (b) PRETRIAL MOTIONS.
>     \*    \*    \*
>
> (3) *Motions That Must Be Made Before Trial.* The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits:
>     \*    \*    \*
>
> (B) a defect in the indictment or information, including;
>
> > (i) joining two or more offenses in the same count (duplicity);
> >
> > (ii) charging the same offense in more than one count (multiplicity);
> >
> > (iii) lack of specificity;
> >
> > (iv) improper joinder; and
> >
> > (v) failure to state an offense[.]

Fed. R. Crim. P. 12(b)(3)(B).

B.      **Facial and As-Applied Challenges**

"To succeed in a facial constitutional challenge, a movant 'must establish that no set of circumstances exists under which the [law] would be valid.'" *United States v. Hosford*, 843 F.3d 161, 165 (4th Cir. 2016) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)); *see Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008) (stating that a facial challenge can only succeed when a party shows "that the law is unconstitutional in all of its applications"). "Because of this stringent standard, a facial challenge is perhaps 'the most difficult challenge to mount successfully.'" *Hosford*, 843 F.3d at 165 (quoting *Salerno*, 481 U.S. at 745).

By contrast, "[a]n as-applied challenge requires only that the law is unconstitutional as applied to the challenger's case[.]" *United States v. Mgmt. Consulting, Inc.*, 636 F. Supp. 3d 610, 619 (E.D. Va. 2022). An as-applied challenge must be "based on a developed factual record and the application of a statute to a specific person." *Richmond Med. Ctr. for Women v. Herring*, 570 F.3d 165, 172 (4th Cir. 2009) (en banc).

### III.  Analysis

In his Motion to Dismiss the Indictment, Mr. Coleman presents both facial and as-applied challenges to the constitutionality of § 922(g)(1), contending that his prosecution under this statute violates the Second Amendment as interpreted by the Supreme Court in *New York State Rifle & Pistol Association, Inc., et al. v. Bruen*, 597 U.S. 1 (2022). (ECF No. 19, at 1, 6, 17.)

First, Mr. Coleman argues that "[t]he Second Amendment's plain text protects the right of 'the people,' not only 'law-abiding, responsible' people, to bear arms." (ECF No. 19, at 6.) Second, Mr. Coleman states that because "there was no 'historical tradition,' circa 1791, of gun regulations 'distinctly similar' to § 922(g)(1)[,]" and because "felons were affirmatively required

4

to possess firearms as members of the militia[,] . . . the government cannot meet its heavy burden at *Bruen* Step Two of showing that § 922(g)(1) is 'consistent with the Nation's historical tradition of firearm regulation.'" (ECF No. 19, at 11, 14–16 (quoting *Bruen*, 597 U.S. at 24) (citations and internal quotation marks omitted).) Third, Mr. Coleman argues that § 922(g)(1) is also unconstitutional as applied to him because he is "one of 'the people' that the Second Amendment demands must be allowed to bear arms and carry necessary ammunition" and "the government will be unable to show" that the application of § 922(g)(1) to Mr. Coleman "is 'consistent with the Nation's historical tradition of firearm regulation[.]'" (ECF No. 19, at 17 (quoting *Bruen*, 597 U.S. at 24).)

The Court has already carefully considered and denied each of the *Bruen*-based arguments set forth in Mr. Coleman's Motion.[4] *See United States* v. *Hill*, --- F. Supp. 3d ----, No. 3:23-CR-114 (MHL), 2023 WL 8238164, at *7 (E.D. Va. Nov. 28, 2023) (holding that "[u]nder an analytical framework permissible even after *Bruen*", existing Fourth Circuit caselaw upholding the constitutionality of § 922(g)(1) both facially and as-applied to both violent and non-violent felons remains binding) (citing *United States v. Moore*, 666 F.3d 313 (4th Cir. 2012) and *United States v. Pruess*, 703 F.3d 242 (4th Cir. 2012)).[5] Other courts in this district have

---

[4] Regarding the historical record presented by the defendant, the Court has already considered a nearly identical record to the one before it today. *See United States v. Hill*, 3:23-CR-114 (MHL), --- F. Supp. 3d ----, 2023 WL 8238164 (E.D. Va. Nov. 28, 2023) (ECF No. 15, at 15–16; ECF Nos. 15-1, 15-2). None of the minor differences between the *Hill* record and this one alters this Court's analysis here. *See id.*

[5] In *Hill*, this Court suggested in the alternative that if it "were required to opine on the constitutionality of § 922(g)(1) under *Bruen*, [it] would [likely] find, on [that] limited record, that felons are not covered by the plain text of the Second Amendment because they are not, and never were, 'among "the people" whose conduct the amendment protects.'" *Hill*, 2023 WL 8238164, at *9 (quoting *Lane*, 2023 WL 5663084, at *8). Furthermore, this Court stated in *Hill* that *Range v. Att'y Gen.*, 69 F.4th 96 (3d Cir. 2023), a case upon which Mr. Coleman heavily relies, is neither binding nor persuasive. *Id.* at *17 n.38.

persuasively done the same.  *See, e.g.*, *Lane*, 2023 WL 5663084, at *6; *Riley*, 635 F. Supp. 3d at 424; *United States v. Finney*, No. 2:23-CR-13 (JKW), 2023 WL 2696203, at *3 (E.D. Va. Mar. 29, 2023).  This Court sees no reason to deviate from its prior analysis and instead adopts in full the reasoning previously set forth in its decision in *United States v. Hill*.  *See* 2023 WL 8238164.

## IV.  Conclusion

For the foregoing reasons, the Court will deny Mr. Coleman's Motion to Dismiss the Indictment.  (ECF No. 19.)

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date:  05/10/2024
Richmond, Virginia

M. Hannah Lauck
United States District Judge

6